KYMBERLY E. SPEER (SBN 121703)
KIMBERLY I. MCINTYRE (SBN 184648)
KENNEY & MARKOWITZ L.L.P.
255 California Street, Suite 1300
San Francisco, CA  94111
Telephone:	(415) 397-3100
Facsimile:	(415) 397-3170
Email: kspeer@kennmark.com
          kmcintyre@kennmark.com

Attorneys for Defendant
AMERICAN AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LAURIE SMITH,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC. and DOES 1 to 50,<br><br>　　　　Defendants. | CASE NO.  C09-02903 WHA<br><br>[~~PROPOSED~~] ORDER ON DISCOVERY DISPUTES |

This matter came before this Court on March 16, 2010, the Honorable Judge William H. Alsup presiding, on the various discovery disputes raised by defendant American Airlines, Inc. ("American") in its letter to the Court of March 4, 2010 (Document 29), plaintiff Laurie Smith's ("plaintiff") counsel having also submitted a reply letter and exhibits (Document 32) which, among other things, requested American's compliance with its obligations under Federal Rule of Civil Procedure 26(a)(1)(A)(ii).  Kymberly E. Speer and Kimberly I. McIntyre of Kenney & Markowitz L.L.P. appeared on behalf of American, and Louis S. Franecke of the Franecke Law

1  Group appeared on behalf of plaintiff. The Court, having reviewed the written submissions of the
2  parties, having heard the arguments of counsel, and otherwise having been fully advised at the
3  hearing, orders as follows:

4  **ISSUE 1: PLAINTIFF'S MENTAL EXAMINATION PURSUANT TO FRCP 35**

5  It appearing to the Court that plaintiff's mental condition is in controversy by virtue of her
6  Posttraumatic Stress Disorder ("PTSD") claim (among others), **IT IS HEREBY ORDERED** that:

7  1. Plaintiff shall submit to a mental examination consisting of both a
8  neuropsychological examination by Dr. Alan Shonkoff and a psychiatric examination by Dr.
9  Bernard Rappaport.

10  2. The neuropsychological examination by Dr. Shonkoff shall occur on June 28, 2010
11  at 8:30 a.m. at Dr. Shonkoff's office, which is located at 2340 Ward Street, Suite 102, Berkeley,
12  California 94705, tel. (510) 848-0402. Such examination shall last a full day, with a lunch break
13  and such other breaks as plaintiff requests, and shall consist of a comprehensive
14  neuropsychological assessment, including a history and usual testing. Some or all of the following
15  tests may be administered as part of the comprehensive neuropsychological assessment: WAIS-
16  IV; WTAR; WRAT-4; WIAT-2; Trailmaking Test; Stroop Procedure; Wisconsin Card Sorting
17  Test; Category Test; Controlled Oral Word Association Test; Boston Naming Test; Ruff Figural
18  Fluency; NAB Naming Test; Test of Adolescent/Adult Word Finding; TOMM; WMT; MSVT; 15
19  Item Memory Test; MCI; WRAML-2; WMS-IV; RAVLT; Rey-Osterreith Complex Figure Test;
20  Taylor Complex Figure Test; Sensory-Perceptual Examination; Lateral Dominance Examination;
21  Grooved Pegboard Procedure; MMPI-2; MMPI-2-RF; MCMI-III; BDI-2; Wahler Physical
22  Symptoms Inventory; Rorshach Psychodiagnostic Procedure; Clinical Interview; and any other
23  tests which are ordinarily deemed a part of a comprehensive neuropsychological examination.

24  3. The psychiatric examination by Dr. Rappaport shall occur on June 29, 2010 at 9:00
25  a.m. at Dr. Rappaport's office, which is located at 3 Altarinda Road, Suite 207, Orinda, California
26  94563, tel. (925) 253-1990. Such examination, the estimated time for which is four to six hours
27  depending upon plaintiff's pace, shall consist of two parts as follows:

Kenney & Markowitz L.L.P.

(1) an oral examination including:

    (a) taking a complete history (family history, educational history, social history, past medical history, past psychological/psychiatric history, employment history, legal history, history of the incident, subsequent clinical course and psychological/psychiatric treatment); and

    (b) an oral mental status examination (specific questions to assess mental functioning, mood, affect, capacity for abstraction, judgment, etc.); and

(2) the administration of three psychological test instruments, which shall be coordinated with Dr. Shonkoff to ensure that plaintiff will not be subjected to duplicative psychological test instruments during the mental examination:

    (a) the MMPI-2 (Minnesota Multiphasic Personality Inventory – 2);

    (b) the MCMI-III (Million Clinical Multiaxial Inventory – III); and

    (c) the Rotter Incomplete Sentences Blank.

4. No one other than plaintiff shall be present during the aforesaid examinations.

## ISSUE 2: AUTHORIZATION FOR PLAINTIFF'S PSYCHIATRIC RECORDS

It appearing to the Court that plaintiff's mental condition is in controversy by virtue of her PTSD claim (among others), **IT IS HEREBY ORDERED** that:

1. Plaintiff shall sign an authorization permitting Quest Discovery Services ("Quest") to obtain, on behalf of American and its counsel, all of her psychiatric and/or psychological records, including but not limited to the records of Dr. Lev Basin and Barbara Largent, MFT, dating back to January 1, 1997. In the event plaintiff fails to sign said authorization by March 23, 2010, this Court shall Order the production of such records to Quest upon request by American, and without further hearing on the matter. Along with the authorization, Quest shall be served with a copy of this Order setting forth its duties and responsibilities with regard to the subject records.

2. The records, once they are copied and received in Quest's office, shall be bates stamped and, at that time only, one set sent to plaintiff's attorney, Louis S. Franecke, Esq., Franecke Law Group, 1115 Irwin Street, Suite 100, San Rafael, California 94901, for review, redaction or removal of pages. No other counsel are to receive the records at this time. Mr. Franecke shall have ten days from the date Quest sends him the records in which to review the records, notify Quest and counsel for American as to objections or changes (which shall be noted in a privilege log or list of pages removed and the reason for removal), and return the records to Quest along with the privilege log or list of pages removed and the reason for removal. The records as to which plaintiff has no objections are then to be processed and sent out to the parties who requested them.

3. In the event American objects to plaintiff's redaction or removal of pages from those records obtained by Quest, the privilege log or list of pages removed, together with complete copies of the medical records in dispute, shall be submitted to the Court for in camera, ex parte review and a determination as to whether the challenged records are privileged and to be withheld or not privileged and to be produced.

**ISSUE 3: PLAINTIFF'S DISCLOSURE OF TREATING PHYSICIANS AND REPORTS**

American, having challenged the completeness of plaintiff's Rule 26 disclosures as they relate to the identification, by name and address, of all treating physicians and/or health care providers plaintiff may use to support her claims, and having challenged plaintiff's compliance with Federal Rule of Civil Procedure 35(b)(3), **IT IS HEREBY ORDERED** that:

1. Plaintiff shall have one week, until March 23, 2010, to supplement her Rule 26 disclosures as they relate to the identification, by name and address, of all treating physicians and/or health care providers she may use to support her claims, and in particular provide the addresses and telephone numbers for each of the following seven physicians and providers: (1) Dr. Claudia LeMoine; (2) Dr. James O'Donohue; (3) Dr. Andrew Oh; (4) Dr. Janice Moy; (5) Dr. Preete Bhanot; (6) Dr. Inserra; and (7) Barbara Largent, MFT. Failure to timely supplement may result in exclusion of evidence under Federal Rule of Civil Procedure 37(c).

Kenney & Markowitz L.L.P.

2. Plaintiff shall have one week, until March 23, 2010, to comply with her reciprocity obligations under Federal Rule of Civil Procedure 35(b)(3) and provide American with reports of examinations pertaining to her alleged brain injury, to the extent such reports exist and have not yet been provided to American. Plaintiff shall recognize that her obligations under Rule 35(b)(3) are ongoing and apply to all future examinations of her condition.

### ISSUE 4: INFORMATION AND DOCUMENTATION PERTAINING TO WAGE LOSS

It appearing to the Court that plaintiff has not complied with her obligations under Federal Rule of Civil Procedure 26(a)(1)(A)(iii), **IT IS HEREBY ORDERED** that:

1. Plaintiff shall have one week, until March 23, 2010, to comply with her obligations under Federal Rule of Civil Procedure 26(a)(1)(A)(iii) and provide American with the documents or other evidentiary material upon which her wage loss computation of damages is based. Failure to comply may result in exclusion of evidence under Federal Rule of Civil Procedure 37(c).

### ISSUE 5: DEPOSITION SUBPOENA FOR PLAINTIFF'S HUSBAND

American, having unsuccessfully attempted to serve plaintiff's counsel with a deposition notice and subpoena for plaintiff's husband, Callan Smith ("Mr. Smith"), when the parties met and conferred prior to this hearing, plaintiff's counsel not being under any obligations to accept such subpoena, and American having subsequently personally served Mr. Smith with the deposition notice and subpoena on March 20, 2010, **IT IS HEREBY ORDERED** that:

1. Plaintiff's counsel shall have one week, until March 23, 2010, to advise American's counsel when, during the week currently noticed for Mr. Smith's deposition, to wit, the week of May 24, 2010, Mr. Smith is available for deposition.

### ISSUE 6: PROVISION OF DOCUMENTS IDENTIFIED IN AMERICAN'S SUPPLEMENTAL INITIAL DISCLOSURES

Plaintiff, having requested that American produce the documents identified pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii) in its Supplemental Initial Disclosures dated October 9, 2009, **IT IS HEREBY ORDERED** that:

1. American shall have one week, until March 23, 2010, to provide plaintiff with the documents identified in its Supplemental Initial Disclosures dated October 9, 2009. The

Kenney & Markowitz L.L.P.

1  documents shall be "for counsel's eyes only" while American and plaintiff work out a protective
2  order covering those documents that are claimed to be of a trade secret or sensitive nature,
3  including but not limited to Sensitive Security Information ("SSI") as that term is used in 49
4  C.F.R. §1520 et seq.  Failure to comply may result in exclusion of evidence under Federal Rule of
5  Civil Procedure 37(c).

6  **IT IS SO ORDERED.**

8  DATED: March 25, 2010.



_____
UNITED STATES DISTRICT JUDGE

**Kenney & Markowitz L.L.P.**

{30075.302131 0140356.DOC}              -6-
              [PROPOSED] ORDER ON DISCOVERY DISPUTES
              CASE NO:  C09-02903 WHA