**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11          LAURIE SMITH,                                              No. C 09-02903 WHA

12                        Plaintiff,

13                v.                                                    **ORDER REGARDING
                                                                       RULE 35 DISCLOSURES**

14          AMERICAN AIRLINES, INC. and
            DOES 1 to 50,

15                        Defendants.
                                                          /
16

17              The undersigned has reviewed plaintiff's request to modify the recent order on the parties'

18      discovery dispute.  For the reasons set forth below, the request is **DENIED**.

19              Contrary to plaintiff's assertion, there does *not* have to be a Rule 35 motion and order to

20      trigger the reciprocity obligations under Rule 35(b).  Rule 35(b)(6) makes clear that the

21      reciprocity obligations also apply to an examination performed pursuant to the parties' agreement

22      (unless the agreement itself states otherwise).  A Rule 35 motion and order is only needed when

23      the party to be examined refuses to be examined by the opposing party, and judicial intervention

24      is required.  *See* FRCP 35(a).  The reciprocity requirements under subsection (b) are different.

25              Whether a party moves for (and the court orders) a Rule 35 examination or the parties

26      simply agree extrajudicially to such an examination, the examined party is *still* entitled to a copy

27      of the examiner's report and copies of all earlier examinations of the same condition.  Once the

28      examining party, however, complies with its obligation to furnish these requested reports, it

**United States District Court**
For the Northern District of California

1  becomes entitled to receive from the examined party copies of reports of all previous and

2  subsequent examinations dealing with the same physical or mental condition.  Additionally, by

3  requesting and obtaining the examiner's report (or by deposing the examiner), the examined party

4  waives any privilege it may have had (in that action or any other action involving the same

5  controversy) concerning testimony about all examinations of the same condition.  *See* 7-35

6  Moore's Federal Practice - Civil § 35.12.

7        Given the above rules, it was the Court's understanding — based upon the discovery

8  letters submitted by the parties and representations made at the hearing — that such an

9  examination of plaintiff had occurred pursuant to an agreement between the parties.  Indeed,

10  defendant noted in a letter filed on March 25, 2010, that a neurological examination had been

11  performed on plaintiff, that plaintiff requested a report of that examination, and that defendant

12  complied with plaintiff's request and produced the report.  If these facts are true, defendant is

13  entitled under Rule 35(b) to receive from plaintiff copies of reports of all previous and subsequent

14  examinations dealing with the same physical or mental condition.  *See* FRCP 35(b)(6).  There

15  does not have to be a Rule 35 motion or order for these reciprocal disclosure obligations to

16  adhere.

17        As such, plaintiff's request to modify the prior order is **DENIED**.  This denial is without

18  prejudice to plaintiff reasserting the objection if the factual representations made to the

19  undersigned were inaccurate or misleading.

20

21        **IT IS SO ORDERED.**

22

23  Dated:  April 1, 2010.

24  WILLIAM ALSUP
    UNITED STATES DISTRICT JUDGE

25

26

27

28

2